UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARTHA McMILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13CV138 CDP |
| COMMUNITY ACTION AGENCY OF ST. LOUIS COUNTY, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Eartha McMiller has sued her former employer, Community Action Agency of St. Louis County (CAASTLC), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* McMiller claims CAASTLC discriminated against her because of her race and gender by, among other things, failing to provide her with adequate training and terminating her employment without notice. She also claims CAASTLC retaliated against her after their attempted mediation of her discrimination allegations failed.

This case is now before me on CAASTLC's motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., and what I will construe as McMiller's motion for determination of the filing time period. I conclude that McMiller did not file her lawsuit within 90 days of receiving her right-to-sue letter from the EEOC, so this

– 1 –

action appears to be time-barred.  In light of McMiller's *pro se* status, I will give her an opportunity to explain why her untimely lawsuit should be allowed to proceed before I dismiss this case.

## I.     **Background**[1]

McMiller, who is black, worked as an energy weatherization auditor for CAASTLC from July 2010 to August 2011.  After her employment was terminated, McMiller filed two charges of discrimination with the Missouri Commission on Human Rights related to her employment with CAASTLC.

McMiller filed her first MCHR charge on September 29, 2011, shortly after she was terminated.  In that charge, McMiller alleged discrimination on the basis of her race and gender.  She claimed that, among other things, CAASTLC provided her less training than white male employees; did not permit her to perform final audits by herself, though it allowed male employees to do so; gave her a poor evaluation for her field work though her work was the same as male employees; and eventually terminated her employment without notice because she is black.  On the unsigned copy of the MCHR charge in the record, a box is checked showing that it was also presented to the Equal Employment Opportunity Commission.  (*See* Pl.'s Ex. 1, p. 6.)

---

[1]  These facts are taken from McMiller's complaint, memorandum, and attached exhibits.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (allegations in complaint are taken as true at motion to dismiss stage).

In her second MCHR charge, filed on March 14, 2012, McMiller alleged retaliation. She claimed that CAASTLC and its counsel retaliated against her by withdrawing a payment to Laclede Gas they had made on her behalf after mediation of her discrimination charge failed. According to a letter from the MCHR to McMiller, the second charge was dually filed with both the MCHR and the EEOC. (*See* Pl.'s Ex. 1, p. 11.) After an investigation, the MCHR was unable to conclude that there had been a violation of the Missouri Human Rights Act. On September 13, 2012, the MCHR mailed McMiller a notice of her right to sue under the Missouri Human Rights Act. (*Id.*, p. 12.)

The EEOC adopted the findings of the MCHR and notified McMiller that it was closing its file on her charge of retaliation. On October 17, 2012, the EEOC mailed McMiller a notice of her right to sue under Title VII. McMiller states that she did not receive this notice until October 18 or 19, 2012. (Pl.'s Ex. 1, p. 1.)

On January 18, 2013, McMiller filed suit in this court, repeating her allegations of race and gender discrimination and retaliation and incorporating into her complaint the charges she filed with the MCHR and the EEOC.

## II.   Discussion

Before a plaintiff is allowed to proceed in federal court under Title VII, she must exhaust her administrative remedies. 42 U.S.C. § 2000e-5(b), (c), (e). To exhaust administrative remedies, the plaintiff "must timely file her charges with

the EEOC and receive, from the EEOC, a 'right to sue' letter." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). Upon receipt of the right-to-sue letter from the EEOC, the plaintiff has 90 days to file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge . . . is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . ."); *see also Thomas v. KATV Channel 7*, 692 F.2d 548, 550 (8th Cir. 1982) ("within ninety days after the EEOC provides notice to 'the person aggrieved' suit may be filed in federal district court").

This statutory 90-day filing period generally "begins to run on the day the right to sue letter is received" by the aggrieved person. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); *see also* 29 C.F.R. § 1601.28(e) (right-to-sue letter includes notice of the right to bring a civil action "within 90 days from receipt" of notice).

Here, the EEOC right-to-sue letter was mailed on October 17, 2012. (*See* Pl.'s Ex. 1, p. 3.) McMiller states that she received the October right-to-sue letter from the EEOC on either October 18, 2012 or October 19, 2012. (*Id.*, p. 1.) Assuming she received the letter on October 19, the 90-day time period concluded on January 17, 2013. Because McMiller did not file suit until January 18, 2013,

this action is time-barred. *See Frazier v. Vilsack*, 419 Fed. Appx. 686, 690 (8th Cir. 2011) (affirming dismissal of Title VII lawsuit filed 91 days after receipt of EEOC order that started the filing period); *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1054 (8th Cir. 2002) (affirming dismissal of Title VII claims as untimely because they were filed more than 90 days after the issuance of the right-to-sue letter).

It is unclear from the record whether the October 17, 2012 right-to-sue letter from the EEOC related to McMiller's claims of race and gender discrimination, or whether it related to her retaliation claim only.[2]  However, whether the right-to-sue letter incorporated McMiller's gender and race discrimination claims makes no difference to this fate of this district-court action.  If the letter did incorporate those claims, they are time-barred.  If McMiller did not file those claims with the EEOC or did not receive a right-to-sue letter, they are barred for failure to exhaust administrative remedies.

### *Equitable tolling*

The 90-day filing period is akin to a statute of limitations, not a jurisdictional limit, and so may be subject to equitable tolling.  *Hill*, 869 F.2d at

---

[2]  For example, only the "retaliation" box is checked on the EEOC's notice of the charge to CAASTLC, and only the retaliation claim was assigned an EEOC Charge Number on the MCHR documents.  (*See* Pl.'s Ex. 1, pp. 4, 8.)  However, an unsigned copy of the gender and race discrimination charge McMiller filed with the MCHR shows that the charge was presented to the EEOC.  (*Id.*, p. 6.)

1123–24 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The 90-day filing period should generally not be tolled (that is, extended) except in "circumstances which were truly beyond the control of the plaintiff." *Id.* at 1124. In other words, a plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty. Welcome Cntr. v. Brown*, 466 U.S. 147, 151 (1984).

      Here, McMiller has given no reason that the 90-day filing period should be extended. Indeed, the first paragraph of the EEOC right-to-sue letter begins with the statement, "In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**." The letter continues: "in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you**." (*See* Pl.'s Ex. 1, p. 5.) (emphasis in original). McMiller acknowledges that she received the letter on October 18 or 19, 2012, and her memorandum to the clerk makes clear that she read it.[3] Though she asks this court to determine whether she filed in time, she has not explained why the filing period should be extended.

---

[3] In her memorandum, McMiller identifies what she considers to be a discrepancy between these two statements. There is no inherent discrepancy: the law *requires* an aggrieved party to file suit within 90 days of receiving the right-to-sue letter, but the EEOC *advises* an aggrieved party to file suit within 90 days of the date the letter was mailed.

Because McMiller is acting *pro se*, I will give her the opportunity to explain why her late filing of this lawsuit should be excused. She is warned that a "garden variety claim of excusable neglect" is not a reason to toll a statute of limitations, *see Frazier*, 419 Fed. Appx. at 689, and a failure to respond by the deadline will result in dismissal without further notice. After I review the parties' briefs on the issue of tolling, I will consider McMiller's motion for appointment of counsel.

### III.  Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that plaintiff Eartha McMiller shall submit a supplemental memorandum, along with any supporting evidence, explaining why she filed this lawsuit after the 90-day filing period had expired. This supplemental memorandum shall be filed no later than **August 5, 2013**. Any response brief and supporting evidence defendant CAASTLC wants me to consider shall be filed no later than **August 12, 2013**. The parties' briefs are limited to 5 pages each.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2013.