UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARTHA McMILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV138 CDP |
| ) | |
| COMMUNITY ACTION AGENCY ) | |
| OF ST. LOUIS COUNTY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

*Pro se* plaintiff Eartha McMiller filed this Title VII case 91 days after she received a right-to-sue letter from the EEOC.  Because Title VII cases must generally be brought within 90 days of receipt of an EEOC right-to-sue letter, defendant Community Action Agency of St. Louis County filed a motion to dismiss for failure to timely file.  *See* 42 U.S.C. § 2000e-5(f)(1); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).

In my memorandum and order discussing CAASLC's motion, I found that McMiller had not timely filed this action.  However, I also acknowledged that the 90-day filing period may be subject to equitable tolling.  Neither party had addressed this issue, so I ordered McMiller to submit a supplemental brief explaining her late filing.

McMiller complied with that order. She has now explained that she filed her action late because she was confused about the correct filing date and believed she was filing her claims on time. She stated that she called several attorneys, as well as the Clerk's Office, in attempting to figure out the filing date. McMiller also stated that she has limited financial resources and some personal issues that made it difficult to file on time. These are not sufficient reasons to justify equitable tolling.[1] Therefore, for the reasons set forth in this order, as well as the Memorandum and Order dated July 25, 2013, this action is time-barred and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#9] is granted.

A separate order of dismissal is entered this same date.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2013.

---

[1] *See Hill*, 869 F.2d at 1124 (courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (the Eighth Circuit has "recognized the principle that 'ignorance of legal rights does not toll a statute of limitations'") (quoting *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (equitable tolling was not justified in case where *pro se* petitioner filed late due to misunderstanding of filing procedure); *Jihad v. Hvass*, 267 F.3d 803, 806–07 (8th Cir. 2001) (*pro se* petitioner's inability to obtain counsel was not an extraordinary circumstance that warranted equitable tolling).

– 2 –